# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Delronzey Washington, ) | Civil Action No. 6:19-0098-RMG |
|         Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| South Carolina Department of Corrections; ) Warden Leroy Cartledge, *individually and in his official capacity as warden of McCormick Correctional Institution*; ) Warden Michael Stephan, *individually and in his official capacity as warden of McCormick Correctional Institution*, ) | |
|         Defendants. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 52) recommending that Defendants' motion for summary judgment be granted in part and denied in part. For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant in part and deny in part Defendants' motion for summary judgment. (Dkt. No. 41.)

**I.  Background**

Plaintiff Delronzey Washington was an inmate incarcerated at McCormick Correctional Institution when, on or about October 6, 2017, he was allegedly stabbed after approximately eight fellow inmates entered his room and demanded his television. The attack occurred while inmates were rioting and taking control of the prison wing. Washington alleges that correctional officers later deployed tear gas into the area to regain its control. Washington alleges he suffered unspecified injuries from the attack, but did not receive the medical attention he requested from prison officials. He further alleges that these injuries were the direct result of the South Carolina Department of Correction's ("SCDC") gross negligence by failing to employ sufficient

-1-

correctional officers or to enforce sufficient training policies and procedures, as well as the result of Defendant Warden Cartledge's and/or Warden Stephan's gross negligence by failing to ensure that correctional officers complied with the existing SCDC policies and procedures. (Dkt. No. 2-1 ¶¶ 88-100.).

Washington brings four causes of action: (1) a claim against all Defendants for temporary and permanent injunctive relief to curtail their deliberate indifference and negligence resulting in inmate-on-inmate assaults, pursuant to S.C. Code. Ann. § 15-43-30, S.C. R. Civ. P. 65(b), and U.S.C. § 1983; (2) a claim against Warden Cartledge "and/or" Warden Stephan pursuant to 42 U.S.C. § 1983 for violation of Washington's Eighth and Fourteenth amendment rights by, *inter alia*, negligently and wantonly allowing the inmate-on-inmate assaults; (3) a claim against Warden Cartledge "and/or" Warden Stephan pursuant to 42 U.S.C. § 1983 for supervisory liability and failure to train officers; and (4) a claim against SCDC for violation of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq.*, as liable for its employees' gross negligence within the scope of their official duties. (*Id.* ¶¶ 142-57.). The claims against Warden Cartledge and Warden Stephan are brought against each in his individual and official capacities. Cartledge, Stephan and SCDC here jointly move to dismiss all claims on summary judgment.

## II.     Legal Standard

### A.     Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The district court will construe all inferences and ambiguities in favor of the non-movant. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

**III.    Discussion**

The Court conducted a *de novo* review of the record on summary judgment, in light of SCDC's and Warden Stephan's objections to the R & R (Dkt. No. 54), and finds that the Magistrate Judge ably addressed the issues in a comprehensive forty-five-page R & R, correctly determining that Defendants' motion should be granted in part and denied in part.

A.     **Count One for Injunctive Relief as to All Defendants**

   i.     **Pursuant to 42 U.S.C. § 1983**

First, as to Warden Cartledge and Warden Stephan, federal courts may enjoin state officials in their official capacities. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). But Warden Cartledge and Warden Stephan cannot be sued in their official capacities for the prospective injunctive relief sought here because they are no longer employed at McCormick Correctional Institution. (Dkt. Nos. 41-1 at 2, 41-2.) *See Wilson v. United States*, 332 F.R.D. 505, 528 (S.D. W.Va. 2019). Nor could they be liable for the prospective injunctive relief sought in their individual capacities because "a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the officials' job, *i.e.*, his official capacity." *Community Mental Health Servs. of Belmont v. Mental Health & Recovery Bd.*, 150 F. Appx. 389, 401 (6th Cir. 2005). The Court therefore adopts the Magistrate Judge's recommendation to dismiss Washington's claim for injunctive relief under § 1983 against Cartledge and Stephan, in each's official and individual capacities.

Next, as to SCDC, the Eleventh Amendment prohibits federal courts from entertaining an action against a state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This is because Eleventh Amendment immunity "extends to arm[s] of the State, including state agencies." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). "As a state agency, SCDC is an arm of the State of South Carolina." *Abebe v. S.C. Dep't Corr.*, No. 0:09-cv-3111-MBS-PJ, 2010 WL 2991595, at *2 (D.S.C. July 2, 2010). The Court therefore adopts the Magistrate Judge's recommendation to dismiss the claim for injunctive relief under § 1983 against SCDC.

   ii.     **Pursuant to S.C. Code Ann. § 15-43-30**

Defendants first argue that this claim for injunctive relief under state law is moot because Washington has since been transferred from McCormick Correctional Institution to another SCDC

prison facility. The Court adopts the Magistrate Judge's response to that argument: the claim is not mooted; rather, Washington alleges system-wide issues and the record is likewise replete with evidence, including the Roth Report, that the same systemic issues leading to inmate-on-inmate violence at McCormick are equally pervasive among other SCDC-run facilities, resulting in similar violence. *See, e.g.*, *turner v. Clelland*, No. 1:15-cv-0947, 2016 WL 6997500, at *13 (M.D.N.C. Nov. 30, 2016); *Wright v. Bennett*, No. 5:08-CT-3129, 2010 WL 3075519, at *3 (E.D.N.C. Aug. 4, 2010). The Court finds Defendants' second argument, that Washington "does not specify" the injunctive relief sought, to be equally unpersuasive. The Court therefore adopts the Magistrate Judge's recommendation to deny Defendants' motion to dismiss this claim as to Cartledge, Stephan and SCDC.

**B.    Count Two for Violation of Eighth and Fourteenth Amendment Rights, Pursuant to § 1983, by Warden Cartledge and Warden Stephan**

Cartledge and Stephan are each sued in their official and individual capacities. First, as to official capacity liability, the Court adopts the Magistrate Judge's recommendation to dismiss this claim as to both Cartledge and Stephan because immunity from suit under the Eleventh Amendment "extends to . . . state officers acting in their official capacity." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

"State officials may only be sued in their individual capacities." *Rhoden v. S.C. Dep't Corr.*, No. 4:17-cv-2537-HMH-TER, 2017 WL 9288217, at *3 (D.S.C. Oct. 4, 2017). But, as to individual capacity liability, the "personal participation of a defendant is a necessary element of a Section 1983 claim against government officials in their individual capacities." *Blessing v. Scaturo*, No. 6:16-cv-1832-BHH-KFM, 2017 WL 3575732, at *9 (D.S.C. July 28, 2017). This record evidences that Cartledge retired from employment by SCDC in April 2017—approximately six months before Washington's alleged October 2017 assault. (Dkt. Nos. 41-1 at 6; 41-6 at 6.).

The Court adopts the Magistrate Judge's recommendation to dismiss Count Two as to Cartledge in his individual capacity.

Regarding Stephan's liability in his individual capacity, the Court adopts the Magistrate Judge's finding that the record, construed in a light most favorable to the non-movant, supports finding a genuine issue of material fact as to whether Stephan had the requisite actual knowledge of and disregarded a substantial risk of harm to Washington. The Roth Report, in particular, repeatedly emphasizes that "overall assaults occur at a higher than acceptable level at MCI." (Dkt. No. 41-7 at 139-44.). *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (considering whether defendant "knew of a substantial risk from the very fact that the risk was obvious"). Relatedly, the record reflects a genuine issue of material fact as to whether Stephan acted with deliberate indifference by failing to respond "reasonably to the risk" of harm to Washington as an inmate. *Id.* at 844. The Court therefore adopts the Magistrate Judge's recommendation to deny Defendants' motion to dismiss Count Two as to Stephan in his individual capacity.

**C.     Count Three for Supervisory Liability and Failure to Train, Pursuant to § 1983, by Warden Cartledge and Warden Stephan**

As discussed above, Cartledge and Stephan are afforded immunity from suit in their official capacities under the Eleventh Amendment. As to liability in each's individual capacity, there remains no issue of material fact in dispute as to Cartledge's personal involvement given the date of his retirement. (Dkt. Nos. 41-1 at 6; 41-6 at 6.). Regarding Stephan's personal involvement, however, the record—when construed in a light most favorable to Washington—reflects remaining disputes of material fact relevant to his supervisory liability, such as whether Stephan was aware of McCormick's substantial staff shortage and took steps to ameliorate that inadequacy by, for instance, properly training correctional officers or disciplining them for violating the existing the policies. (Dkt. No. 41-7 at 139-44.) *See Carter v. Morris*, 164 F.3d 641, 646 (4th Cir. 1999). The

Court, therefore, adopts Magistrate Judge's recommendation to dismiss Count Three as to Cartledge and Stephan in each's official capacity, dismiss Count Three as to Cartledge in his individual capacity, and retain Count Three as to Stephan in his individual capacity.

D.     **Count Four for Violation of the SCTCA by SCDC**

South Carolina has generally consented to suit for tort claims filed against it through enactment of the SCTCA. *Briggs v. South Carolina Dep't Corrs.*, No. 1:13-cv-1348, 2014 WL 1278173, at *21 (D.S.C. Mar. 27, 2014); S.C. Code Ann. § 15-78-60(25). To defeat this premise, Defendants first argue that they are nonetheless immune pursuant to S.C. Code Ann. § 15-78-60(b)—providing that a "governmental entity is not liable for a loss resulting from: . . . civil disobedience, riot, insurrection, or rebellion or the failure to provide the method of police or fire protection"—because the complaint pleads that the October 6, 2017 attack occurred during a "riot." (Dkt. No. 2-1 ¶ 92.). But, as the Magistrate Judge notes, the record contains disputes of material fact as to whether Washington's assault was a part of, or separate from, any such incident. *See Proctor v. Dep't of Health & Envtl. Control*, 628 S.E.2d 496, 503 (S.C. Ct. App. 2006); *Boschele v. Rainwater*, No. 4:13-cv-1419-BHH-KDW, 2015 WL 13733952, at *18 (D.S.C. Oct. 13, 2015). Defendants next argue that the record does not reflect any deliberate indifference by SCDC on the date of Washington's assault. As with Washington's Eighth Amendment claims against Stephan, there remain disputes of material fact as to whether what the Roth Report labeled the "continuous decline in staffing levels" that were "a critical concern at McCormick for an extended period" (Dkt. No. 41-7 at 139), constituted the basis for any gross negligence by SCDC. *See A.P. ex. Rel. Bazerman v. Feaver*, No. 04-15645, 2008 WL 3870697, at *12 (11th Cir. Aug. 21, 2008) ("[D]eliberate indifference requires a much higher standard of fault than mere or even gross negligence[.]"). For these reasons, the Court adopts the Magistrate Judge's recommendation to deny summary judgment as to Count Four.

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 52) as the order of the Court.  Defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED IN PART and DENIED IN PART**.

Count One, seeking injunctive relief under § 1983 against Defendant Cartledge and Defendant Stephan in each's official and individual capacities, as well as to Defendant SCDC, is **dismissed**.  Count One, seeking injunctive relief under S.C. Code Ann. § 15-43-30 as to Defendant Cartledge, Defendant Stephan and Defendant SCDC, is **not dismissed**.  Count Two, alleging violation of 42 U.S.C. § 1983 by Defendant Cartledge and Defendant Stephan in their official capacities, is **dismissed**.  Count Two, alleging violation of 42 U.S.C. § 1983 by Defendant Cartledge in his individual capacity is **dismissed**.  Count Two, alleging violation of 42 U.S.C. § 1983 by Defendant Stephan in his individual capacity, is **not dismissed**.  Count Three, alleging violation of 42 U.S.C. § 1983 by supervisory liability as to Defendant Cartledge and Defendant Stephan in their official capacities, is **dismissed**.  Count Three, alleging violation of 42 U.S.C. § 1983 by supervisory liability as to Defendant Cartledge in his individual capacity, is **dismissed**. Count Three, alleging violation of 42 U.S.C. § 1983 by supervisory liability as to Defendant Stephan in his individual capacity, is **not dismissed**. Count Four, alleging violation of the SCTCA by Defendant SCDC, is **not dismissed**.

**AND IT IS SO ORDERED.**

                                                                  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 30, 2020
Charleston, South Carolina